UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **NANNETTE LEWIS** | : | CASE NO. 3:23-CV-1382 |
| **VERSUS** | : | JUDGE DAVID C. JOSEPH |
| **LINCOLN PARISH POLICE JURY, et al.** | : | MAG.JUDGE KAYLA D. MCCLUSKY |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come DEFENDANTS, LINCOLN PARISH POLICE JURY; RONNIE DOWLING; and MARTENE THISSEL (collectively, "Defendants"), who respectfully submit this memorandum in opposition to the motion for summary judgment filed by PLAINTIFF, NANNETTE LEWIS ("Plaintiff"), pursuant to Fed. R. Civ. P. 56. (Rec. Doc. 15).

As an initial matter, Defendants note that they have separately moved for summary judgment. *See* Rec. Doc. 20. Defendants hereby adopt all arguments and evidence submitted with that motion here by reference. For the reasons stated therein, the Court should find that Plaintiff cannot meet her burden of proving that she was subjected to discrimination or retaliation in violation of Title VII. Accordingly, there is no genuine issue of material fact and Defendants— not Plaintiff—are entitled to judgment as a matter of law.

To avoid duplication. Defendants will only briefly respond to certain unique issues raised in Plaintiff's motion

First, Plaintiff's motion lacks a statement of uncontested facts with references to specific supporting evidence. Plaintiff simply repeats her contentions then lists certain *potential* evidence she claims to have (which she has not submitted to Defendants). She also does not explain what, if any, material facts that these items will supposedly establish. This is improper. "A party asserting

that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1). Plaintiff has not done that here.

Second, because Plaintiff bears the burden of proof on her claims at trial, she cannot repeat the allegations of her complaint and hope to obtain a directed verdict. Rather, she must put forward evidence showing that all of the elements of her claims are satisfied, and that there are no genuine issues of fact as to any defense that Defendants may offer. *See* Fed. R. Civ. P. 56(a). The submission falls far short of this standard.

At minimum, as shown in the exhibits submitted with Defendants motion for summary judgment, there are genuine issues of fact concerning the reasons for Plaintiff's termination and the nature of what Plaintiff characterizes as "protected activity"—which were simply her repeated complaints about personality clashes with co-workers. "Complaints about the 'ordinary tribulations of the workplace'—even severe ones—are not actionable [under Title VII] unless they are based on a protected characteristic, such as race." *Ned v. Lafayette Gen. Health Sys., Inc.*, 6:20-CV-00248, 2022 WL 203126, at *5 (W.D. La. Jan. 21, 2022) quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Nothing in Plaintiff's motion even remotely suggests that the "harassment" or "retaliation" she references was in any way motivated by racial or gender-based animus.

For these reasons, and as explained in Defendants' motion for summary judgment, Plaintiff's motion for summary judgment should be denied, and Defendants' should be granted.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN, WOODLEY, & CROMWELL, L.L.P.

BY:    /s/*Marshall L. Perkins*
       Donald J. Armand Jr, La. Bar No. 17444
       Marshall L. Perkins, La. Bar No. 36979

400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Tel.:   (318) 221-1800
Fax:   (318) 226-0390
Email: darmand@padwbc.com
         mperkins@padwbc.com

ATTORNEY FOR DEFENDANTS, LINCOLN PARISH POLICE JURY; RONNIE DOWLING; and MARTENE THISSEL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing motion was served upon the *pro se* Plaintiff, via email and U.S. mail.

> Ms. Nannette Lewis
> 109 Neal St.
> Ruston, LA 71270

On this the 14th day of August, 2024.

      */s/ Marshall L. Perkins*
      OF COUNSEL