UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**NANNETTE LEWIS**  CIVIL DOCKET NO. 3:23-CV-01382

**VERSUS**  JUDGE DAVID C. JOSEPH

**LINCOLN PARISH POLICE JURY, ET AL**  MAGISTRATE JUDGE KAYLA D. MCCLUSKY

### MEMORANDUM RULING

Before the Court are cross motions for summary judgment, specifically: (i) a MOTION FOR SUMMARY JUDGMENT [Doc. 15] filed by Plaintiff Nannette Lewis (the "Plaintiff's Motion") and (ii) a MOTION FOR SUMMARY JUDGMENT [Doc. 20] filed by Defendants Lincoln Parish Police Jury, Ronnie Dowling,[1] and Martene Thissel[2] (the "Defendants' Motion"). For the following reasons, Plaintiff's Motion is DENIED, and Defendants' Motion is GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of Plaintiff's termination from her employment with the Humanitarian Enterprises of Lincoln Parish ("HELP") on September 15, 2022. HELP is a local governmental organization that operates under the supervision of the Lincoln Parish Police Jury. Plaintiff, a black female, was hired by HELP on January 12, 2022, to assist in processing applications for HELP's program designed

---

[1] Ronnie Dowling is the Executive Director at the Humanitarian Enterprises of Lincoln Parish.

[2] Martene Thissel is a former executive administrative assistant at the Humanitarian Enterprises of Lincoln Parish.

to provide financial assistance to low-income residents in paying their utility bills. [Doc. 20-1, p. 5].

Prior to Plaintiff's termination, her supervisors had repeatedly raised concerns with her about her frequent errors at work. [Doc. 20-5, pp. 1-3]. Following a June 22, 2022, meeting with two of her supervisors about her mistakes, Plaintiff lodged complaints with a payroll supervisor at the Lincoln Parish Police Jury and eventually filed a grievance alleging mistreatment on September 7, 2022. [Doc. 20-1, pp. 6-7]. Plaintiff was eventually terminated by the Lincoln Parish Police Jury for "insubordination." *Id.*

Following her termination, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). [Doc. 15, p. 2]. After receiving a right to sue letter from the EEOC[3], Plaintiff filed suit in the 3rd Judicial District Court of Lincoln Parish, Louisiana. [Doc. 1-1, p. 12]. Defendants subsequently removed the suit on the grounds that Plaintiff was seeking relief under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). [Doc. 1; Doc. 20-1, p. 4].

Plaintiff alleges she was terminated for filing a grievance with HELP's Human Resources Department, which included complaints of a hostile work environment, improper denial of training and overtime opportunities, and unwarranted extension of her probation period. [Doc. 15, pp. 1-2]. Plaintiff also claims that she was

---

[3] The EEOC issued a position statement stating that they believed she was terminated "due to her being insubordinate and causing tension around the office" and "making mistakes that negatively affected clients and the other co-workers." [Doc. 20-8, p. 2].

Page 2 of 8

discriminated against in violation of the Americans with Disabilities Act of 1990 ("ADA") and retaliated against in violation of Title VII. [Doc. 20-8, p. 1]. Defendants assert that Plaintiff was terminated because of insubordination and causing conflict with coworkers. [Doc. 20-1, p. 9].

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To prevail, the moving party bears the initial burden of demonstrating "there is no genuine issue as to any material fact" and that it "is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are considered "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant satisfies its burden, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 323). There is no genuine issue for trial, and a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## LAW AND DISCUSSION

As an initial matter, the Court notes that the Plaintiff in this matter appears *pro se*. The pleadings and filings of *pro se* litigants are awarded a certain level of leniency by this Court to ensure that they are afforded due process. *Cowart v. Courtesy of Ruston LLC*, 2024 WL 3461068, at *4 (W.D. La. July 18, 2024) ("The

pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression."). Here, it is unclear exactly what claims Plaintiff is asserting against Defendants. However, because Plaintiff is *pro se* and has referenced potential claims under the ADA and Title VII in her EEOC complaint, the Court will liberally construe her Complaint to include claims under both federal statutes.

### I. Plaintiff's Claims Under the ADA

The ADA prohibits covered employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Discrimination includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability … unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). To succeed on a failure-to-accommodate claim under the ADA, a plaintiff must show that: (i) she is a "qualified individual with a disability;" (ii) her disability and its consequential limitations were "known" by the covered employer; and (iii) the employer failed to make "reasonable accommodations" for such known limitations. *Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (internal quotation marks omitted). The ADA defines a disability as: "(1) a physical or mental impairment that substantially limits one or more of the major life acts, (2) a record of such impairment, or (3) being regarded as having such impairment." 42 U.S.C. § 12102(2)(A).

While the record raises the possibility that Plaintiff was being treated for various medical conditions, the record does not support a viable ADA claim. For

instance, in her Complaint, Plaintiff states that she told the Lincoln Parish Police Jury payroll supervisor that "Mr. Dowling told me that if I kept missing days due to doctor visits, I may loose [sic] my job." [Doc. 1-1, p.14]. Further, in her grievance form, Plaintiff stated that "[i]n the past meatings [sic] I am called paranoid and crazy." [Doc. 20-6, p.1]. However, neither assertion is alone sufficient to raise a viable ADA claim nor are these allegations otherwise supported by summary judgment evidence. Rather, Plaintiff's employment file indicates that her pre-termination complaints against HELP were centered on: (i) the alleged extension of her probationary period; (ii) issues with the training she was receiving; (iii) excessive corrections by her supervisors; and (iv) personal disputes with her coworkers. [Doc. 20-6]. Moreover, while Plaintiff did state in her employee medical history questionnaire for HELP that she suffered from scoliosis, back and neck problems, and chronic headaches, there is no evidence in her personnel file that she ever requested accommodation from her employer for these alleged conditions, nor that her employer ever denied her any requested accommodation. [Doc. 20-8, pp. 4-5]. Thus, there is no genuine dispute of material fact precluding entry of summary judgment dismissing Plaintiff's ADA claims.

## II. Plaintiff's Claims Under Title VII

Title VII declares it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S. Code § 2000e–2(a)(1). When a plaintiff is unable to set forth direct evidence of

discrimination, "the three-step *McDonnell Douglas* Framework applies." *Myles v. TPUSA – FHCS, Inc.*, 2020 WL 6276957, at *3 (W.D. La. Oct. 23, 2020) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)). For both discrimination and hostile work environment claims under Title VII, Plaintiff must establish that she is a member of a protected group and that she was treated differently as a result.[4]

Here, the Plaintiff has failed to provide the Court with any direct evidence of discrimination on the basis of her race, color, religion, sex, or national origin. Nor does the record contain sufficient evidence to establish a prima facie case of discrimination under the *McDonnell Douglas* Framework. Specifically, among other deficiencies, the record is devoid of any evidence that Plaintiff was replaced by someone outside her protected group, or that she was treated less favorably than any other employee. Therefore, Plaintiff's Title VII claims of discrimination and a hostile work environment fail as a matter of law.

### III. ADA and Title VII Retaliation

Lastly, the Court will consider summary judgment on Plaintiff's possible retaliation claims under the ADA and Title VII. Without direct evidence of an

---

[4] To establish a prima facie case of Title VII discrimination, Plaintiff must prove that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Brown v. Montclair Assisted Living*, 2013 WL 1818500, at *3 (W.D. La. Apr. 26, 2013) (citing *McCoy*, 492 F.3d at 557). Similarly, to establish a hostile work environment claim under Title VII, Plaintiff must show: "(1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." *Gibson v. Verizon Servs. Org., Inc.*, 498 F. App'x 391, 394 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

unlawful retaliation, a plaintiff's retaliation claim is governed by the *McDonnell Douglas* burden-shifting framework. *Smith v. Touro Infirmary*, 2015 WL 5093487, at *2 (E.D. La. Aug. 28, 2015). Under *McDonnell Douglas*, a plaintiff makes a prima facie case of retaliation by establishing that: (i) the plaintiff engaged in an activity protected by statute; (ii) her employer took an adverse employment action against her; and (iii) a causal connection exists between the protected activity and the adverse action. *McKinney v. Sheriffs Off. Rapides Par.*, 2021 WL 1083979, at *10 (W.D. La. Mar. 19, 2021) (citing *Feist*, 730 F.3d at 454). To establish that Plaintiff engaged in a protected activity, she must show that she opposed a practice made unlawful by the ADA or Title VII and that she had a "reasonable belief" that Defendants were "engag[ing] in unlawful employment practices."[5] *Smith v. Home Depot U.S.A., Inc.*, 102 F. Supp. 3d 867, 878 (E.D. La. 2015).

As stated above, Plaintiff has not provided any evidence of unlawful or discriminatory behavior or practices by Defendants. Nor is there any evidence in the record from which the Court could infer that Plaintiff had a reasonable belief

---

[5]     There are two categories of protected activities: "(1) opposition to any practice rendered unlawful by Title VII, the opposition clause, and (2) making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII, the participation clause." *Newell v. Acadiana Plan. Comm'n Inc.*, 637 F. Supp. 3d 419 (W.D. La. 2022). The Court is only considering the opposition clause, not the participation clause, because while Plaintiff did eventually file an EEOC complaint, the filing took place after she was terminated. Plaintiff was terminated September 21, 2022. [Doc. 20-1, p. 5]. Plaintiff filed her complaint with the EEOC in January 2023. *Id.* at 8. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (finding that the participation clause was "irrelevant because [Plaintiff] did not file a charge with the EEOC until after the retaliatory discharge took place.").

unlawful employment practices were taking place. Hence, Plaintiff's retaliation claims under the ADA and Title VII also fail as a matter of law.[6]

## CONCLUSION

There is insufficient evidence in the record to create a genuine dispute of material fact that Defendants violated either the ADA or Title VII. As such, Defendants are entitled to judgment as a matter of law.

Considering the foregoing,

IT IS HEREBY ORDERED that Plaintiff's MOTION FOR SUMMARY JUDGMENT [Doc. 15] is DENIED.

IT IS FURTHER ORDERED that Defendants' Cross MOTION FOR SUMMARY JUDGMENT [Doc. 20] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against all Defendants are DENIED and DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 23rd day of September 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[6] "If Plaintiff cannot support all three elements of a prima facie case of retaliation, then summary judgment for Defendant is appropriate." *Cowart*, 2024 WL 3461068, at *7 (citing *Stewart v. Miss. Transp. Comm'n.*, 586 F.3d 321, 331 (5th Cir. 2009)).